UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| William Devon Dickey, | ) C/A No. 9:17-cv-02194-DCC |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| SCDC, Warden Cohen, Nurse NFN Wite, Ofc. NFN Harris, Dr. Lemon, Dr. Roberts, Nurse NFN Grimes, Nurse NFN Simmons, Lt. Maze, Lt. Bryant, Sgt. Devin Williams, | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 151. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On October 9, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 168. Since the Magistrate Jude issued the Report, Plaintiff has filed ten letters, three objections to the Report, a reply to a response, a motion for preliminary injunction, and a motion to appoint counsel. ECF Nos. 170–74, 176–80, 182–84, 186–90. Out of an abundance of caution to a pro se Plaintiff, the Court has considered all of Plaintiff's filings.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in the Report which the Court incorporates by reference. The Magistrate Judge recommends granting the Motion for Summary Judgment because Plaintiff failed to exhaust his administrative remedies. Plaintiff objects to the Magistrate Judge's conclusion; he appears to argue that he attempted to exhaust his administrative remedies and that he is currently attempting to exhaust his administrative remedies.

Under the Prison Litigation Reform Act, a prisoner bringing an action with respect to prison conditions under § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth*, 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Booth*, 532 U.S. at 741.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005).

Upon review of the record the Court finds that Plaintiff failed to properly exhaust his administrative remedies and that summary judgment is appropriate. Therefore, the Court adopts the Magistrate Judge's recommendation. Defendants' Motion for Summary Judgment [151] is **GRANTED**. Plaintiff's Motions for Preliminary Injunction [177] and to Appoint Counsel [184] are **DISMISSED** as moot.

IT IS SO ORDERED.

February 13, 2019　　　　　　　　　　　　s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina　　　　　　　United States District Judge


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.